Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES B. ZAGEL | Sitting Judge if Other than Assigned Judge | APR. 12, 2012 |
|---|---|---|---|
| CASE NUMBER | 12 C 2521 | DATE | APR 1 2 2012 |
| CASE TITLE | Paul Smith (#B-52357) vs. Boswell Pharmacy | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. However, the complaint is summarily dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a claim. The case is terminated. The trust fund officer at the plaintiff's place of confinement is authorized and ordered to make deductions from the plaintiff's account and payments to the clerk of court in accordance with this order. The clerk is directed to mail a copy of this order to the trust fund officer at the Stateville Correctional Center. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action purportedly pursuant to 42 U.S.C. § 1983. The plaintiff alleges that Boswell Pharmacy, the pharmacy that provides medications for the Illinois Department of Corrections, was deliberately indifferent by failing to place a warning label on his medication regarding taking both ibuprofen and aspirin at the same time without the knowledge and consent of his physician. This case is a re-filing of *Smith v. Boswell Pharmacy*, Case No. 10 C 4042 (N.D. Ill.) and *Smith v. Boswell*, Case No. 11 C 4400, both of which were dismissed without prejudice in light of the plaintiff's failure either to pay the statutory filing fee or to submit a properly completed application to proceed *in forma pauperis*.

The court finds that the plaintiff is unable to prepay the filing fee. Accordingly, the court grants the plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $330.56 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at the plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. Thereafter, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the clerk of court each time the account balance exceeds $10 until the full $350 filing fee is paid. Separate deductions and payments shall be made with respect to each action or appeal

**(CONTINUED)**

| | JJD |
|---|---|

filed by the plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and this case number.

However, under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to state a claim as a matter of law.

The plaintiff alleges that Boswell Pharmacy failed to label his ibuprofen with a label warning him that he should not take both ibuprofen and aspirin at the same time without the knowledge and consent of his physician. Plaintiff alleges that the failure to place the warning label constitutes both deliberate indifference and negligence

The plaintiff's claim does not rise to the level of a constitutional violation. Medical malpractice, negligence nor gross negligence are sufficient to establish a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010); *Ortiz v. Webster*, 655 F.3d 731, 736 (7th Cir. 2011) (citing *Estelle*, 429 U.S. at 106; *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010)). At best, plaintiff's allegations regarding the lack of a warning label would rise to negligence on the part of Boswell Pharmacy.

However, plaintiff's negligence claim against the pharmacy fails because, under Illinois law, the learned intermediary doctrine exempts pharmacies and pharmacists from a duty to warn customers directly of potential side effects and warnings. *See DiGiovanni v. Albertson's, Inc.*, 405 Ill. App. 3d 932, 935-36 (2010); *Falhouri v. Taylor*, 248 Ill. App. 3d 328, 332-33 (1993); *Leesley v. West* 165 Ill. App. 3d 135, 142-43 (1988); *Eldridge v. Eli Lilly & Co.*, 138 Ill. App. 3d 124, 127 (1985). Accordingly, plaintiff's negligence claim also fails.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."

As a housekeeping matter, the court additionally notes that the plaintiff made a material omission on his complaint form. The court's civil rights complaint form instructed the plaintiff to list all previous lawsuits. (Complaint, p. 3.) The plaintiff, however, disclosed only one prior lawsuit, failing to mention at least nine others. The plaintiff's effective "fraud" on the court offers an independent justification for "immediate termination of the suit." *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). The U.S. Court of Appeals for the Seventh Circuit has affirmed dismissal for failure of an inmate plaintiff to fully divulge his litigation history. *See Hoskins v. Dart*, 633 F.3d 541, 543-44 (7th Cir. 2011). The plaintiff must be honest, accurate, and complete in any court filings he submits.